**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |
|---|---|
| Edward Surber, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Hunter Warfield, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Edward Surber, by undersigned counsel, states

as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a

consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

3.     The Plaintiff, Edward Surber ("Plaintiff"), is an adult individual residing in

Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant, Hunter Warfield, Inc. ("HWI"), is a Maryland business entity with an

address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     Does 1-10 (the "Collectors") are individual collectors employed by HWI and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

6.      HWI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original

creditor (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to HWI for collection, or HWI

was employed by the Creditor to collect the Debt.

10.      The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

### B.  HWI Engages in Harassment and Abusive Tactics

11.      In April 2019, HWI began calling Plaintiff's work telephone number in an

attempt to collect the Debt from a person unknown to Plaintiff (the "Debtor").

12.      During its initial calls with Plaintiff, HWI refused to disclose to Plaintiff the name

of the Debtor it was trying to reach.

13.      Plaintiff informed HWI it was calling his work telephone number and requested it

to cease placing calls to him.

14.      In May 2019, Plaintiff reiterated his request for HWI to cease placing calls to him.

15.      Nonetheless, HWI continued placing calls to Plaintiff's work telephone number

causing Plaintiff a great deal of frustration and distress.

### C.  Plaintiff Suffered Actual Damages

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

20.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

21.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

22.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants

caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiff is entitled to damages as a result of Defendant's violations.


## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

5.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 21, 2019

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF